J-S18040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTHUR BECK | : | |
| | : | |
| Appellant | : | No. 958 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 8, 2019
In the Municipal Court of Philadelphia County Criminal Division at No(s):
MC-51-MD-0000059-2019

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 30, 2021**

Appellant, Arthur Beck, appeals from the judgment of sentence imposed by the Honorable James Murray Lynn of the Municipal Court of Philadelphia County, Criminal Division following his conviction of criminal contempt.[1]  We remand for further proceedings in accordance with this memorandum.

On March 8, 2019, Appellant appeared before Judge Lynn for a bench warrant hearing related to his failure to surrender to serve a sentence of 72 hours to 6 months of imprisonment for a driving under the influence ("DUI") conviction docketed at MC-51-CR-0007318-2017.  Appellant was represented

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 4132.  Appellant's appeal directly from the Municipal Court is properly before this Court.  **See** 42 Pa.C.S. § 1123(a.1) ("There shall be a right to appeal to the Superior Court of a contempt citation issued by a municipal court judge, but the appeal shall be limited to a review of the record.").  Judge Lynn is a Judge in the Court of Common Pleas of Philadelphia County but was sitting by designation in the Municipal Court.

by the Defender Association of Philadelphia at that hearing. At the conclusion of the hearing, Judge Lynn resentenced Appellant on his DUI conviction, found Appellant in contempt of court based upon his failure to surrender, and imposed a consecutive sentence of 2 months and 29 days to 5 months and 29 days on the contempt conviction. N.T., 3/8/19, at 7-9.

On April 3, 2019, the Defender Association filed a notice of appeal in the contempt matter, which was docketed at MC-51-MD-0000059-2019. Also in early April 2019, Brian F. Humble, Esq. entered his appearance in both the DUI and contempt proceedings. Attorney Humble's entry of appearance notes that he is "privately retained" counsel on behalf of Appellant. Appellant filed a motion for early release on parole in both matters, which Judge Lynn denied on June 3, 2019.

On June 5, 2019, Attorney Humble filed a motion for reconsideration of the denial of parole at both dockets. In this motion, Attorney Humble stated as follows: "At the time [of conviction and sentencing on the contempt charge] the public defender represented [Appellant]. [] [Appellant], via counsel, intends to withdraw this appeal, but has been unable to do so due to the electronic filing shut-down." Motion for Reconsideration, 6/5/19, at 1 n.1. In the motion, Attorney Humble also observed that Appellant is "gainfully employed, as he owns a business specializing in residential and commercial cleaning." *Id.* ¶10.

The Defender Association has exclusively represented Appellant in this appeal, and Attorney Humble has neither entered an appearance in this Court

nor has a *praecipe* to discontinue this appeal been filed on Appellant's behalf.

In his Pa.R.A.P. 1925(a) opinion, Judge Lynn stated as follows:

> It should be noted that this Notice of Appeal was filed by the Defender Association of Philadelphia on April 3, 2019, two days after a new attorney, Brian Humble, Esq., entered his appearance and filed a Motion for Early Release on Parole which this Court ultimately granted. This Court has had discussions with Mr. Humble and based on those conversations, awaited a withdraw of appeal. Since such notice did not arrive, this [C]ourt submits this opinion.

Trial Court Opinion, 12/4/20, at 2.

This matter is remanded for 30 days for a determination as to Appellant's legal representation in this appeal and whether Appellant intends to pursue this appeal. Additionally, the trial court shall make a determination as to whether Appellant's *in forma pauperis* status has changed and if he is still eligible for court-appointed counsel. **See** Pa.R.A.P. 555 ("A party permitted to proceed in forma pauperis has a continuing obligation to inform the appellate court of improvement in the financial circumstances of the party. Counsel for a party shall likewise be under a continuing obligation to inform the appellate court of such improvement within a reasonable time after counsel learns of it.").

The trial court shall transmit to this Court within 30 days from the date of this order written notice of all findings and actions taken thereon.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2021